REQUESTED BY: Joe C. Steele, Nebraska State Court Administrator
1. Are probate estate settlement fees to be assessed on both formal and informal probate proceedings regardless of whether the estate is closed formally or informally?
2. Is an estate which is commenced formally but closed informally subject to probate estate settlement fees even though LB 928, Section 31, provides, in part, that such fees shall apply to `formal settlement' of estates?
3. Are estate settlement fees to be imposed on an estate which commences informally and closes informally, where there are formal hearings regarding any other estate matters, including inheritance tax or heirship matters, which are commenced between opening and closing of the estate?
4. Are multiple probate filing fees to be collected if multiple formal probate proceedings are to be held?
1. Probate estate settlement fees are to be assessed on probate proceedings commenced formally, regardless of whether the estate closing is formal or informal.
2. If an estate is commenced formally, LB 928, Section 31, requires settlement fees to be assessed against the estate regardless of whether the estate is closed formally or informally.
3. Any matters commenced as formal proceedings between the time of informal opening and informal closing of the estate, including inheritance tax or heirship matters, would subject the estate to payment of estate settlement fees.
4. Probate filing fees must be paid for each formal probate proceeding commenced.
This is in response to an inquiry of the Nebraska State Court Administrator regarding LB 928 (87th Legislature, 1982).
The first question asked is whether estate settlement fees are to be assessed on both formal and informal probate proceedings regardless of whether the estate is closed formally or informally.
LB 928 (Section 31) provides that `. . . all proceedings which are commenced as formal proceedings or which are determined by the court to be formal proceedings shall be subject to the fees . . .' as set out in that section.
`Formal proceedings' are then defined by Neb.Rev.Stat. § 30-2209 (Reissue 1979) as proceedings `. . . conducted before a judge with notice to interested persons.' Both LB 928 (Section 31) and § 30-2209 are clear in their meaning and therefore not subject to construction. Consequently, reading both sections together, and giving the language in those sections its ordinary meaning, it is apparent that probate proceedings commenced and conducted before a judge upon notice to interested persons would subject the estate involved to the fees set forth in LB 928 (Section 31).
However, LB 928 does not require the probate matter in question to be concluded, or closed, formally in order to impose the settlement fee. The only requirement for the imposition of that fee is that the probate proceeding be commenced
formally.
It has been the custom of the county court to impose such fees at the time of closing. But neither the Nebraska Probate Code, nor other statutes of the State of Nebraska would seem to mandate such custom.
In fact, LB 928 (Section 31) provides that the fees set forth by that section are to be computed on the gross value of the estate at the time of death. The appropriate fee could therefore be determined at any stage of the probate proceeding, and required to be paid at any time after such computation including the time of commencement of the formal probate proceeding.
Given that probate fees referred to in LB 928 (Section 31) are to be determined well in advance of the time of closing, and given that the settlement fees as set forth in LB 928 (Section 31) are to be paid upon the commencement of formal proceedings, and further given that there are apparently no statutes which would mandate the imposition of such fees only upon the formal closing of an estate, we conclude that probate settlement fees are to be assessed on probate proceedings which are commenced as formal proceedings, regardless of whether the estate is closed formally or informally.
The next question asked is whether an estate which is commenced formally but closed informally is subject to probate settlement fees even though LB 928 (Section 31) provides, in part, that such fees shall apply to `formalsettlement' of estates.
If an estate is commenced formally, LB 928 (Section 31) requires fees to be assessed against the estate regardless of whether the estate is closed formally or informally.
The terms `formal settlement' as used in LB 928 (Section 31) do not refer only to the type of closing involved. Instead, such terms refer to the entire probate process.
Specifically, the term `settlement' as employed with reference to probate matters referred to in LB 928 is defined by Neb.Rev.Stat. § 30-2209(42) (Reissue 1979) as including the `. . . full process of administration, distribution, and closing.'
Consequently, LB 928 (Section 31) is properly read in light of § 30-2209(42) as requiring the imposition of settlement fees whenever there is any proceeding conducted before a judge upon notice to interested persons (a formal proceeding) regarding the process of administration, distribution, or closing of an estate (the settlement).
Also asked is whether settlement fees are to be imposed on an estate which starts informally and closes informally, where there are formal hearings regarding any other estate matters, including inheritance tax or heirship matters, which are commenced between opening and closing of the estate.
LB 928 (Section 34) provides, in part, that `The fees . . . for the formal settlement of the estate of a deceased person include matters for the determination of inheritance tax upon the estate under the provisions of Chapter 77, Article 20. In all other matters for the determination of inheritance tax under the provisions of Chapter 77, Article 20, the county court shall be entitled to receive fees of fifteen dollars.'
Section 34 would therefore include inheritance tax matters under Chapter 77, Article 20, which are commenced as `formal proceedings' between the time of opening and closing of the estate, within the meaning of LB 928 (Section 31) and thereby subject the estate to the fees provided in Section 31 pertaining to formal proceedings.
In addition, as we pointed out with reference to our discussion of the first question in this opinion, any probate proceeding commenced and conducted before a judge upon notice to interested parties would subject the estate involved to the settlement fees set forth in LB 928 (Section 31). The term `commencement,' as should become apparent from our discussion pertaining to the next question, is not necessarily synonymous with `opening of the estate.'
Finally, it is asked whether multiple probate filing fees are to be collected if multiple formal probate proceedings are to be held.
With the exception of proceedings pertaining to supervised administration of estates under Neb.Rev.Stat. §§30-2439 through 30-2443, `. . . each proceeding before the court or registrar is independent of any other proceeding involving the same estate.' (Neb.Rev.Stat. § 30-2407 (Reissue 1979).)
Unlike supervised administration, and as pointed out by the comment to § 30-2407, estate settlement may include, or consist of, a number of different `proceedings' which are not continuous throughout administration.
Consequently, insofar as the settlement of an estate is recognized by § 30-2407 as consisting of a number of independent proceedings, LB 928 (Section 31) is properly read in light of § 30-2407 as requiring filing fees to be paid each time such independent proceeding is commenced.
Generally, it is important to recognize that LB 928 (Section 31) makes a distinction between two separate types of fees: 1) a filing fee and 2) a settlement fee.
The filing fee is paid to the court for `any proceeding, `where a fee is not otherwise established by statute, in the amount of twenty dollars. The use of the term `any' would indicate that such fee would be applied to each individual proceeding.
On the other hand, the settlement fee is to be applied to `all proceedings' relating to formal settlement. The use of the term `all' instead of `any' would indicate that the settlement fee is only imposed one time, regardless of the number of separate proceedings involved in the estate.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Frank J. Hutfless Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General